13-3659-cv
Markovich v. City of New York et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of January, two thousand fifteen.

Present:        ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

YEFIM MARKOVICH,

                        *Plaintiff-Appellant*,

                v.                                          13-3659-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION and REESA LEVY, in her individual capacity,

                        *Defendants-Appellees*.

_____

Appearing for Appellant:        Ambrose W. Wotorson, New York, N.Y.

Appearing for Appellee:        Kathy Chang Park, Assistant Corporation Counsel (Larry A.
                Sonnenshein, *on the brief*), *for* Zachary W. Carter, Corporation
                Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant, Yefim Markovich, appeals the memorandum and order entered on August 21, 2013 of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) granting summary judgment for the New York City Department of Education ("DOE") on his claims of discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a grant of summary judgment de novo, affirming only if there are no genuine issues of material fact, such that the moving party is entitled to a judgment as a matter of law. *See Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000). In assessing the record to determine if such issues do exist, we resolve all ambiguities and draw all inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate, however, if there is not "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "It is well established that the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to claims brought under the ADEA." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014).

In order to establish a prima facie case of age discrimination, the plaintiff must show that he was (1) within the protected age group; (2) qualified for the position; and (3) suffered a materially adverse employment action; (4) under circumstances giving rise to an inference of discrimination. *Carlton*, 202 F.3d at 134. "If the plaintiff establishes a *prima facie* case, a rebuttable presumption of discrimination arises. The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for discharging the employee." *Id.* (internal citation omitted). "When the employer meets its burden, the plaintiff can no longer rely on the prima facie case, but must prove that the employer's proffered reason was a pretext for discrimination." *Delaney*, 766 F.3d at 168 (internal citations and quotation marks omitted). "[A]n inference of discriminatory intent may be established by, *inter alia*, . . . the sequence of events leading to the plaintiff's discharge." *Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009) (internal quotation marks omitted).

An independent review of the record reveals that the district court did not err in granting summary judgment in favor of the DOE. While Markovich established a prima facie case of discrimination, he did not dispute the accuracy of the observations reported in his negative performance reviews. Moreover, to the extent Markovich relies on Principal Levy's statements about his pension as evidence of pretext, those statements do not permit a reasonable inference that the actual motivation for his "U" ratings was related to his age. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) ("[I]t is not enough to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." (internal alterations and quotation marks omitted)); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) ("Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily 'age based.'").

Because we hold that Markovich failed to put forth evidence that would "permit a jury to find that age was the but-for cause of the challenged adverse employment action," *Delaney*, 766 F.3d at 168 (internal alterations and citations omitted), we need not reach his argument that the district court erred in finding that he was not constructively discharged. We also agree with the district court's conclusion that Markovich's retaliation claim fails because the record does not reveal a nexus between the letters his son wrote to the DOE and the adverse employment action. *See Wanamaker v. Columbia Rope Co.*, 108 F.3d 462, 465 (2d Cir. 1997).

We have considered the remainder of Markovich's arguments and find them to be without merit. Accordingly, the order of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk